**SO ORDERED.**

**SIGNED this 31 day of December, 2008.**



_Dale L. Somers_
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Designated for on-line use; not designated for print publication

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

In re:

ROY J. THOLL and
LISA ANN THOLL,

               **DEBTORS.**

CASE NO. 07-22677
CHAPTER 13

### MEMORANDUM OPINION AND ORDER SUSTAINING
### eCAST SETTLEMENT CORPORATION'S OBJECTION TO CONFIRMATION

The matter under advisement is the objection of unsecured creditor eCAST Settlement

Corporation to confirmation of Debtors' proposed Chapter 13 plan. eCAST Settlement

Corporation (hereafter "eCAST") appears by Larry A. Pittman, II of Schmitt Manz Swanson &

Mulhern P.C. Debtors Roy and Lisa Tholl (hereafter "Debtors") appear by Kenneth M. Gay.

There are no other appearances. This Court has jurisdiction.[1]

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings

**FACTUAL BACKGROUND.**

Debtors filed a voluntary petition under Chapter 13 on November 27, 2007. eCAST is an unsecured creditor whose claim is alleged to represent approximately 19% of Debtors' scheduled unsecured, nonpriority debt.[2]

Debtors are above median income. According the Amended Schedule I, Debtors have monthly gross income of $11,225.01 and monthly net income of $7,909.63. According to Amended Schedule J, Debtors have monthly expenses of $7,376.89, leaving an excess of $532.74. According the Form 22C, Debtors have a current monthly income of $9,918.90, disposable income of $9,642.06 at Line 57, and monthly disposable income of $276.84 at line 58. Debtors' Chapter 13 plan proposes monthly payment of $532.00 for sixty months, calculated as the sum of $278.84 (the Form 22C monthly disposable income), plus the amounts needed for payment to a secured creditor through the plan ($10,071.06 at 9.25% interest), attorney fees of $1,500, and estimated Trustee fees.

eCAST objected to confirmation, arguing that the proposed plan fails to apply all of Debtors' projected disposable income to make payments to unsecured creditors, as required by § 1324(b)(1)(B). It contends that the income component of the calculation should be the amount reported on Schedule I, rather than Form 22C, but expenses should be based upon the means test expenses reported on Form 22C. Debtors argue that their plan satisfies § 1325(b)(1)(B). The parties stipulated that eCAST's objection to confirmation is based upon questions of law only

arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Matters relating to confirmation of plans are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(L). There is no objection to venue or jurisdiction over the parties.

[2] Doc. 35.

2

and that resolution of the issues involves no questions of fact.  After both eCAST and Debtors

filed briefs, the Court took the objection under advisement.

**ANALYSIS.**

This case raises the same questions of law as this Court recently addressed in *Melvin*.[3]  In

that case, the Court addressed the issue of "the methodology for determining the amount that

must be committed to a Chapter 13 plan by an above median income debtor to satisfy 11 U.S.C.

§ 1325(b)(1)(B), where the proposed plan, to which a creditor objects, relies upon income and

expenses reported on Schedules I and J rather than Form B22C."[4]  As stated in *Melvin*, the

determination of the income side of the definition of projected disposable income under §

1325(b)(2) is controlled by the decision of the Tenth Circuit Court of Appeals in *Lanning*.[5]  It

adopted the forward-looking approach, rejected the mechanical approach, and held "as to the

income side of the § 1325(b)(1)(B) inquiry, the starting point for calculating a Chapter 13

debtor's 'projected disposable income' is presumed to be the debtor's 'current monthly income,'

as defined in 11 U.S.C. § 101(10A)(i) [and as reported on Form B22C], subject to showing of a

substantial change in circumstances."[6]  In *Melvin*, this Court found the analysis of *Lanning*

regarding income equally applicable to the expense side of the calculation of projected

disposable income, with the Form B22C being presumptively appropriate, subject to amendment

---

[3] *In re Melvin*, case No. 07-22353 (Bankr. D Kan, filed December 22, 2008). The Form 22C filed by Debtors was formerly denoted as Form B22C and is referred to by this name in the cases relied upon in this memorandum.  For convenience, the Court uses the former name in its discussion.

[4] *Id.*, sl. op. at 1.

[5] *Hamilton v. Lanning (In re Lanning)*, 545 F.3d 1269 (10th Cir. 2008).

[6] *Id.*, 545 F.3d at 1282.

3

based upon a showing of substantial change in circumstances, assuming that the amendment does not conflict with the § 1325(b)(2) definition of amounts reasonably necessary to be expended, which incorporates § 707(b)(2).

In this case, the proposed plan payment is based upon the income and expenses reported in Form B22C and therefore is presumptively in compliance with § 1325(b)(1)(B). However, apparently because of changes in employment since filing the petition, Amended Schedule I reports gross income of $11,225.01, which is $1,306.11 greater than the gross income of $9,918.90 reported on Form B22C, line 11. Based upon this fact, eCAST contends Debtors are not devoting all of their projected disposable income to the plan.

This case therefore presents the question of whether Debtors' plan based upon Form B22C income may be confirmed over the objections of an unsecured creditor when the Debtors' income reported on amended Schedule I has increased between the dates of filing and confirmation. Under *Lanning*, if the Debtors' income had decreased between the date of filing and the date of confirmation, a plan using amended Schedule I income could be confirmed over the objection of a creditor, if a substantial change in circumstances were shown. This Court finds that the same rule applies when amended Schedule I income is greater than Form B22C income. As stated in *Melvin*, "when a creditor objects to confirmation under § 1325(b), the debtor, as the proponent of a plan, has the ultimate burden of proof to show that a proposed plan satisfies the projected disposable income requirement for confirmation."[7] In this case, eCAST has objected to confirmation based upon Amended Schedule I. Debtors have not shown that the plan satisfies the disposable income requirement, as the increase in income reported on Amended

---

[7] *In re Melvin*, sl. op. at 24.

Schedule I may have resulted from a substantial change in circumstances requiring an increase in projected disposable income for purposes of § 1325(b)(1)(B).

**CONCLUSION.**

For the foregoing reasons, the Court grants eCAST's objection to confirmation based upon the issue of law presented. Debtors may either propose an amended plan or present facts in support of confirmation of the proposed plan by proving that the increased income reported on Amended Schedule I did not result from a substantial change in circumstances.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**IT IS SO ORDERED.**

**###**

5